UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

*******************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 05-30096 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER |
| MAURICE HOLLOW HORN, | * | |
| Defendant. | * | |

*******************************************************************************

Defendant, Maurice Hollow Horn, has filed a Motion to Sever Counts for Trial and supporting Memorandum, Docket Nos. 12, 13. In his Motion, Defendant claims that the counts in the Indictment were improperly joined in violation of Fed. R. Crim. P. 8(a) and that the failure to sever the counts for trial would prejudice his right to a fair trial, see Fed. R. Crim. P. 14(a).

I.

On September 14, 2005, an Indictment was filed charging Defendant with aggravated sexual abuse and abusive sexual contact. The offenses are alleged to have occurred between December 1, 1999 and July 31, 2000, a span of eight months. Defendant is alleged to have digitally penetrated T.R.A. (Count I), rubbed R.R.A.'s vaginal area over her clothing (Count II) and touched the upper part of H.C.'s chest on top of her clothes (Count III). He has pled not guilty to all three charges and a jury trial is scheduled for December 20, 2005.

II.

The Federal Rules of Criminal Procedure provide that "[t]he indictment . . . may charge a defendant in separate counts with two or more offenses if the offenses charged. . . are of the same or similar character or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The Rules also allow for severance of claims "if the joinder of offenses . . . in an indictment. . . appears to prejudice a defendant . . . ." Fed. R. Crim. P. 14(a).

When a defendant moves for severance, a court must first determine whether joinder is proper under Rule 8. United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005). While the court has discretion to sever even properly joined offenses, "the [R]ules are to be liberally construed in favor of joinder." Id. (citing United States v. Darden, 70 F.3d 1507, 1526 (8th Cir.), cert. denied, 517 U.S. 1149 (1996)). The denial of a motion for severance will be overturned only upon a showing that the court has abused its discretion. Ruiz, 412 F.3d at 886.

Defendant maintains that the charged offenses have not been properly joined and that the counts attributable to each of the alleged victims should be severed and that he should be tried separately for them. He argues that the charges are not of the same or similar character and are not connected by a common scheme or plan.

A review of the Indictment reveals a continuing course of criminal conduct involving sexual abuse perpetrated against young children over a short period of time. Defendant is charged with engaging in a sexual act with one of the alleged victims and having sexual contact with the other two while they were asleep.

2

The offenses charged are "of the same or similar character, are connected with or to each other by time and location and have, or at least will require presentation of, overlapping evidence." Ruiz, 412 F.3d at 886; see also United States v. Boyd, 180 F.3d 967, 981 (8th Cir. 1999). Moreover, the charges are based on similar transactions, and are connected with or constitute parts of a common scheme of sexually deviant behavior. All three counts were, therefore, properly joined under Rule 8.

"If joinder is proper under Rule 8, the defendant seeking severance has the heavy burden of demonstrating that a joint trial will impermissibly infringe [on] his right to a fair trial." United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir.), cert. denied, 520 U.S. 1110 (1997). There is a strong presumption against severing properly joined cases. Ruiz, 412 F.3d at 886; see also United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996). To grant a severance motion, the necessary prejudice must be "severe or compelling." Warfield, 97 F.3d at 1018; see also United States v. McGuire, 45 F.3d 1177, 1187 (8th Cir.), cert. denied, 515 U.S. 1132 (1995). This is because "a joint trial gives the jury the best perspective on all of the evidence and, therefore, increases the likelihood of a correct outcome." Darden, 70 F.3d at 1528.

Prejudice is not demonstrated by merely claiming that a defendant would have a better chance for acquittal at a separate trial. United States v. Shivers, 66 F.3d 938, 939 (8th Cir.), cert. denied, 516 U.S. 1016 (1995). In order for severance to be granted, a defendant must show "real" prejudice. United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004); see also United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993). A defendant can establish the requisite prejudice by showing that the jury will be unable to compartmentalize the

3

evidence. Mickelson, 378 F.3d at 818; see also United States v. Washington, 318 F.3d 845, 858 (8th Cir.), cert. denied, 540 U.S. 884 (2003).

Defendant claims that the jury could potentially consider all of the evidence presented in deciding his guilt on the separate counts. But "[t]he risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions." Delpit, 94 F.3d at 1143-44; see also Zafiro v. United States, 506 U.S. 534, 537 (1993). Even if the offense are severed, evidence from the various counts may be admissible at separate trials:

> Inevitably, some prejudice results from having the jury aware of one crime while considering whether the defendant is guilty of another. Evidence is not excludable under Rule 403, however, where the evidence of each crime would have been admissible on a separate trial on another crime. Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together.

United States v. Dennis, 625 F.2d 782, 802 (8th Cir. 1980).

Under Rule 404(b), evidence regarding the allegations in some counts may also be admissible at trial on the allegations in other counts to prove motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The allegations here are similar in kind, reasonably related in time to other allegations and are supported by a grand jury probable cause determination. The fact that the allegations occurred before or after each other does not matter. United States v. DeAngelo, 13 F.3d 1228, 1231 (8th Cir.), cert. denied, 512 U.S. 1224 (1994); see also United States v. Johnson, 934 F.2d 936, 939-40 (8th Cir. 1991). Any prejudice Defendant would suffer by allowing the jury to hear evidence regarding other charged allegations can be negated through skillfully crafted jury instructions and would not necessarily be avoided by separate trials due to the Rules of Evidence.

4

Defendant has not shown that unfair prejudice will be unavoidable if the offenses are tried together.

### III.

The counts against Defendant are reasonably related, involve the same or similar acts or transactions and are part of an ongoing pattern of sexual abuse directed against young girls. Defendant has not shown that he would be unfairly prejudiced if severance is denied. And, any prejudice that may exist by virtue of the charged offenses could be negated by appropriately drafted jury instructions. This being the case, it is accordingly

ORDERED that Defendant's Motion to Sever Counts for Trial, Docket No. 12, shall be and the same is denied.

Dated this 23rd day of November, 2005, at Pierre, South Dakota.

**BY THE COURT:**

_/s/ Mark A. Moreno_
**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

ATTEST:
JOSEPH HAAS, CLERK
BY: _Renee Clause_
         Deputy
**(SEAL)**

5