FILED
DEC 0 8 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 05-30096 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| -vs- | \* | OPINION AND ORDER |
| | \* | |
| | \* | |
| MAURICE HOLLOW HORN, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant has filed a motion (Doc. 12) to sever charges for separate trials. The motion is supported by a brief (Doc. 13). After considering the motion, U.S. Magistrate Judge Moreno concluded that the motion should be denied (Doc. 19). Pursuant to 28 U.S.C. § 636(b)(1)(A), defendant filed a motion to reconsider and reverse the magistrate's order denying the motion for severance (Doc. 22).

Joinder of offenses is proper under Fed. R. Crim. P. 8(a) where the offenses charged "are of the same or similar character or are based upon the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." "Where the offenses are similar in character, occurred over a relatively short period of time and the evidence overlaps, joinder is ordinarily appropriate." United States v. Running Horse, 175 F.3d 635, 637 (8th Cir. 1999).

> The rule governing severance provides that once offenses have been properly joined, the district court may nonetheless order separate trials of the counts "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses." Fed. R. Crim. P. 14. "The decision to sever is within the sound discretion of the trial judge and the denial of a motion to sever is not subject to reversal absent a showing of real prejudice." United States v. Patterson, 20 F.3d 801, 805 (8th Cir.1994) (internal quotations omitted). Prejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately. Closs v. Leapley, 18 F.3d 574, 578 (8th Cir.1994). On the other hand, a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be

probative and admissible at the defendant's separate trial of the other crime. *Robaina*, 39 F.3d at 861.

United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996).

When joinder is proper under Rule 8, the defendant seeking a severance has the burden to demonstrate how a joint trial will prejudice his right to a fair trial. Fed. R. Crim. P. 14, United States v. Darden, 70 F.3d 1507, 1527 (8th Cir. 1995). "It is not enough simply to show that such joinder makes it more difficult to defend." Johnson v. United States, 356 F.2d 680, 682 (8th Cir. 1966). "A severance is required only when the proof is such that a jury could not be expected to compartmentalize the evidence as it relates to separate . . . counts." United States v. King, 803 F.2d 387, 391 (8th Cir. 1986). A defendant "has a 'heavy burden' of showing real prejudice." *Id.*

The Court concludes that the charges were properly joined. All of the charges are of the "same or similar" character. The fact that each count involves a different alleged victim is immaterial. The Court has no doubt that the jury could adequately compartmentalize the evidence. Even if the Court were to sever the counts, the evidence from the various counts may well be admissible in separate trials under Fed. R. Evid. 404(b), 413, and 414. Defendant has not shown that he will be unfairly prejudiced if severance is denied.

Now, therefore,

IT IS ORDERED that defendant's motion to reconsider and reverse the magistrate's order (Doc. 22) is denied.

Dated this 8th day of December, 2005.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:
DEPUTY
(SEAL)

2